**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Petitioner-Appellee,

v.                                                                    No. 97-6372

ALEX ANDERSON,
Respondent-Appellant.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
W. Earl Britt, Senior District Judge.
(CA-93-552-5-HC-BR)

Submitted: May 19, 1998

Decided: June 8, 1998

Before MURNAGHAN, NIEMEYER, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William Arthur Webb, Federal Public Defender, G. Alan DuBois,
Assistant Federal Public Defender, Raleigh, North Carolina, for
Appellant. Janice McKenzie Cole, United States Attorney, Anne J.
Hayes, Assistant United States Attorney, Barbara D. Kocher, Assis-
tant United States Attorney, Raleigh, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Alex Anderson appeals the district court's order adopting the report and recommendation of the magistrate judge and declining to release him from the custody of the Attorney General pursuant to 18 U.S.C. § 4247(h) (1994). Anderson was committed under the provisions of 18 U.S.C. § 4246 (1994), at the expiration of his federal criminal sentence for mailing threatening communications to a female television broadcaster. He has previously been heard in this court in an attempt to overturn his initial commitment order, see United States v. Anderson, No. 93-7218 (4th Cir. Jan. 4, 1995) (unpublished), and requesting review of a previous unsuccessful motion for release. See United States v. Anderson, No. 95-7775 (4th Cir. Dec. 23, 1995) (unpublished).

Anderson was originally committed under § 4246 at the Government's request when the district court found that Anderson was "presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to property of another." 18 U.S.C. § 4246(d). For Anderson to succeed in his renewed attempt to obtain his release following that finding, the district court must now find by a preponderance of the evidence that Anderson has recovered from his mental disease or defect to such extent that his release would no longer create a substantial risk. See 18 U.S.C. § 4246(e). That finding will not be overturned on appeal unless it is clearly erroneous. See United States v. Cox, 964 F.2d 1431, 1433 (4th Cir. 1992); United States v. S.A., 129 F.3d 995, 1000 (8th Cir. 1997) cert. denied, 66 U.S.L.W. 3591 (U.S. Mar. 9, 1998) (No. 97-7733).

As has been the case previously for Anderson, the parties agree that he suffers from a delusional mental illness. Once again, however, the parties disagree regarding the district court's determination that

2

Anderson would pose a substantial risk of bodily injury to another person upon his release. In reaching his conclusion that Anderson would present a substantial risk if released, the magistrate judge relied on the testimony of Dr. Bruce R. Berger, a medical doctor specializing in psychiatry. Dr. Berger had been Anderson's primary psychiatrist for approximately nine months when he testified at Anderson's hearing. Based on Anderson's mental illness, Dr. Berger concluded that Anderson would pose a danger to others. The magistrate judge noted that even after the hearing, Anderson continued to send letters to female broadcasters. Additionally, the magistrate judge concluded that based on Anderson's own testimony, he had little awareness of his own mental illness and the impact of his actions on other people. Finally, the magistrate judge noted from the record that Anderson's mental condition continued to deteriorate notwithstanding his compliance with Dr. Berger's regimen of antipsychotic medication.

Anderson suggests on appeal that because there was little evidence of recent violent behavior introduced at the hearing, the Government failed to prove that Anderson posed a substantial risk to others. The brief on appeal cites the testimony of three employees of FCI-Butner who appeared on Anderson's behalf at the hearing. Each staff member testified that Anderson was generally friendly and cooperative. Although Anderson's counsel admits that the letter Anderson sent to a CNN anchor was "inappropriate and was undoubtedly unnerving," counsel contends that it was not evidence that Anderson posed a substantial risk of bodily harm.

As a threshold matter, Anderson mistakes the burden of proof applicable to his pursuit of his release. The language of the statute provides that the court must find "by a preponderance of the evidence that the person has recovered . . . to such an extent that . . . his release would no longer create a substantial risk of bodily injury." 18 U.S.C. § 4246(e). As a result, the Government no longer bears the burden of proving dangerousness. See 18 U.S.C. § 4246(d). Rather, Anderson must present a preponderance of evidence proving his release "no longer create[s] a substantial risk of bodily injury." Despite counsel's contention to the contrary, we are not left with a "definite and firm conviction that a mistake has been committed" by the district court in accepting the proposed findings of fact and recommendation of the

3

magistrate judge. United States v. United States Gypsum Co., 333 U.S. 364, 395 (1948).

The magistrate judge gave more weight to the testimony and reports of Dr. Berger than to Anderson's lay witnesses and his own self-serving testimony. Even if it were appropriate to reweigh this testimony, and it is not, see Glasser v. United States, 315 U.S. 60, 80 (1942), there is no hint of error in that decision. Anderson's letter asserts that the recipient would be required to bear his children and that he would choose "one girl from the subway and . . . move in with her on the following day." Although counsel attempts to downplay the letter's ominous tone, Anderson's statements are fraught with the possibility, if not the likelihood, of Anderson inflicting some bodily harm to bring his plans to fruition. Moreover, his detailed description of his sexual desires and preferences bear some implication that he would not be above utilizing physical force to satisfy his cravings.

With this evidence of record, we are not left with "the definite and firm conviction that a mistake has been committed." Consequently, we have no difficulty in concluding that the district court did not err in accepting the report and recommendation of the magistrate judge and declining to find that Anderson was ready to be released. Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.

AFFIRMED

4